35 C.C.P.A.(Patents)

**Application of GESSLER et al.**
**Patent Appeal No. 5333.**

Court of Customs and Patent Appeals.
Nov. 17, 1947.

Keith Misegades, of New York City, for appellants.

W. W. Cochran, of Washington, D. C. (H. B. Ledman and J. Schimmel, both of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

**JACKSON, Judge.**

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner rejecting, in view of the prior art, claims 2, 3, 4, 8, and 13 of an application for a patent for new and useful improvements in "Automobile Body Structure." Claims 5, 6, and 7, which had been rejected by the Primary Examiner, were allowed by the board.

The prior art relied upon appears as follows: Stillman 973,888 October 25, 1910; Dillon 1,385,741 July 26, 1921; Tuell 2,207,-958 July 16, 1940.

Claim 2 is illustrative of the rejected claims and reads as follows:

"2. A lining for the roof of an automobile body comprising a resilient self-supporting structure spaced apart from the roof of an automobile to provide a double roof with an air space between, and supported principally on the ends of the resilient structure resting on ledges attached to the sides of the automobile body below the roof, the structure comprising a sound absorbent backing having laminated thereto a resilient water-resistant foil, and holes penetrating through the foil to the sound absorbent backing."

The invention relates to a sound absorbing and heat insulating lining for the roof of an automobile body. It comprises two layers, the upper of which may be of any conventional insulating material and the lower or facing sheet of a foil. The sound absorbing backing sheet is laminated to the foil through which there are perforations admitting soundwaves from the interior of the car to the sound absorbing backing sheet. While the lining is resilient, it is sufficiently rigid to be principally supportable on its ends which rest upon a bead or flange extending around the body of the car below the roof, and is in a generally parallel position to the roof proper and spaced away therefrom. Where the insulating material is soft and not self-supporting, it is necessary to supply sufficient firmness to the foil sheet by means of back laminating material, such as paper sheets, cardboard, and the like. Under some conditions, addi-

tional, but free, support for the composite sheet may be necessary. It is stated that the structure possesses natural resiliency, so as to be of assistance in preventing transmission of sound from the metal roof of the automobile to its interior.

The claims before us were rejected on the patent to Stillman in view of the patent to Dillon, and further rejected on the patent to Tuell in view of the patent to Dillon.

The Stillman patent relates to improvements in the metal roof of a passenger railway car. It discloses a car roof which comprises a plurality of outside sheets of metal and a plurality of inside sheets of metal spaced from the outside sheets, both sheets being connected at close intervals to transverse arcuate rolled metal crossbeams, known as carlines, by "seams of rivets." Between the outer side of each of the carlines and the adjacent outer sheet a plurality of strips of heat insulating material are interposed. The strips are separated longitudinally at intervals, for the purpose of providing circulatory openings through which heated air from one of the spaces between the carlines to another such space may pass at their outer positions. The bottoms of the spaces are closed by a heat insulating or non-conducting lining material, such as hair felt, which is laid on the interior roof sheet of each of said spaces.

The Dillon patent relates to sound deadeners for the walls of buildings. It discloses perforations through an outer fabric layer of a wall panel so that sound waves may reach the back sound-absorbing layer.

The Tuell patent relates to the interior structure of motor vehicle bodies. The improvement comprises a thin multi-layered lining of plywood spaced apart from the inner walls and roof of an automobile body. The patentee has for his principal object the providing of wood veneer panels for covering the interior of the side walls and roof of an automobile and held in place by specially constructed metal strips. Some of the strips are incorporated into the roof of the car in such position as to take advantage of the internal stress of the veneer brought about by the mechanical warping to which the plywood is subjected when the veneer is forced into place. The veneer for the roof is sprung into these strips and also into a channel bead at its bottom edges. The anchoring of the veneer may be further strengthened by means of hidden springs. It is said in the specification of the patent that by means of this construction there will be no loose edges and that a smooth attractive appearance results. The veneer is spaced from the roof of the car by means of ribs, so that the intervening space may be filled with loose insulating material for the purpose of deadening sound and for heat and cold resistance.

It is true that the structure defined in the Stillman patent comprises a false roof consisting of a water-resistant under-surface and a layer of non-conducting material such as hair felt laid thereon. It is also true that the felt material posesses not only heat insulating properties, but is also sound absorbent. However, the composite lining of the roof of the patent cannot be considered to be self-supporting by reason of the "seams of rivets" by which it is connected at close intervals to the carlines. While it is true that the drawing of the patent indicates that the extremities of the composite lining end on unnumbered angle irons, it is clear to us that the lining sheet is not at all supported on the angle irons for the reason that it is closely attached by many rivets throughout its length to the carlines, making it rigid; and, therefore, the lining is not resilient, nor is it self-supporting, nor supported principally on any ledge, as required by the terms of the rejected claims.

We are of opinion that perforating the lining of the Stillman structure to accord with the structure of the Dillon patent would not meet the limitations of the claims herein. The substitution of the Dillon device for the felt backing of the Stillman patent would still leave the structure rigid and bound to the carlines. The use of perforations to and into sound absorbent material is acknowledged to be old in the involved application. It will not do to hold that by the omission of the "seams of rivets" of the Stillman structure that the lining roof would then be supported by a ledge. If such lining were so placed, it certainly would result in an insecure structure. Neither, in our opinion, would any one

skilled in automobile or railway coach construction have the remotest thought of forming appellants' structure after having observed the structures of the Stillman and the Dillon patents. The best that could be said of such combination is there would probably be greater sound and heat absorption in such combination. Nevertheless, the false roof or interior lining that would result would be a non-resilient rigid structure, which is entirely foreign to the invention defined in the rejected claims.

It is also clear to us that the rejection of the claims on the patent to Tuell in view of the patent to Dillon is erroneous. The Tuell patent defines a rigid structure. It is necessarily rigid by reason of the plywood lining being forced into the strips on the roof and sides of the car as heretofore described. The substitution of the sound absorbing device of the Dillon patent for the loose insulating material of the Tuell patent would add nothing to the structure disclosed in the Tuell patent except to possibly impart to the hypothetical structure a greater facility for sound absorption, but the structure would not be less rigid than that disclosed in the Tuell patent. It would not tend to render the structure resilient as called for by the rejected claims.

Claims 2, 3, and 4 differ from each other only in the recitation of the depths of holes penetrating the lining structure. Claim 13 differs from the other claims in that it is directed to a lining "for the roof of a movable vehicle which vibrates markedly on movement" and comprises "a resilient self-supporting non-metallic structure." Claim 8 includes the structure of Claim 13 and provides for loose sound absorbent material.

With rspect to the structure of appellants, in which the sound absorbing material is loose, as defined in claim 8, it is shown in the application that the resiliency of the false roof is not lessened by the support that is given such loose sound and heat absorbing material as above described. While a means is provided for additional support to the lining, comprising a clip shown in the drawing as being capable of moving freely in a space through the bottom of a "U" shaped beam attached to the roof proper, such means do not lessen in any degree the resiliency of appellants' structure. Neither does the optional tacking of the ends of the insulating board to a clip attached to an interior moulding render the structure more or less thn self-supporting, and certainly does not negative the limitation that the structure is "supported principally" on the ends thereof.

For the reasons set forth herein, we are of opinion that the rejected claims should have been held to be patentable over the art of record, and, therefore, the decision of the Board of Appeals is reversed.

Reversed.